UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LYNN POWELL,

       Plaintiff,                          CASE NO. 08-13952
                                              HON. LAWRENCE P. ZATKOFF

v.

INKSTER HOUSING AND REDEVELOPMENT
COMMISSION and TONY LOVE, individually
and in his official capacity,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 18th day of June, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant Tony Love's ("Love") "Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6)" (Docket #9).  Plaintiff filed a timely response and Love elected to not file a reply.  The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons set forth below, Defendant's motion is GRANTED IN PART and DENIED IN PART.

## II.  BACKGROUND

Defendant Inkster Housing and Redevelopment Commission ("IHRC") is a governmental agency established as a housing commission to provide decent, safe and sanitary housing to qualified recipients.  At all times pertinent to this case, Love was the Executive Director of IHRC.  Plaintiff, a Caucasian male, was hired as a custodian at IHRC in 2005.  Plaintiff was suspended without pay on or about July 13, 2007, and his employment was terminated on or about September 5, 2007.  Plaintiff filed a three count Complaint in this Court.  In Count I, Plaintiff alleges Defendants violated Title VII by discriminating against him on the basis of his race.  In Count II, Plaintiff alleges Defendants deprived him of his civil rights in violation of 42 U.S.C. §1983.  The Court previously dismissed the third count, wherein Plaintiff alleged a violation of state law.  Plaintiff has sued Love in his official capacity as IHRC's Executive Director, and in his individual capacity as a person.  Love now seeks dismissal of all Plaintiff's claims against him.

## III.  STANDARD OF REVIEW

Although Love has titled his motion as one for summary judgment, it is in fact a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the Court will analyze it accordingly.  A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of Plaintiff's complaint. The Court must accept as true all factual allegations in the complaint, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577 (6th Cir. 1992). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow Plaintiff to recover.  *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

## IV. ANALYSIS

**A.     Title VII Claim**

Love argues that there is no individual employee liability under Title VII in the Sixth Circuit. *See Wathen v. General Electric Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("the statutory scheme [of Title VII] itself indicates that Congress did not intend to impose individual liability on employees") (citation omitted). Plaintiff acknowledges that *Wathen* controls in the Sixth Circuit, but Plaintiff believes *Wathen* was wrongly decided. Therefore, to preserve the issue for appeal, Plaintiff's brief contains a substantive argument in opposition to Love's motion to dismiss the individual liability claim against Love. The Court also recognizes that *Wathen* is controlling on this issue. Accordingly, Plaintiff's Title VII claim against Love is hereby dismissed.

**B.     Section 1983 Claim**

Love contends that Plaintiff's 42 U.S.C. § 1983 claim against Love in his "official capacity" is redundant of Plaintiff's Section 1983 claim against the governmental agency, IHRC, and should be dismissed. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (any claims against a public official in his official capacity must be treated as a suit against the governmental entity itself); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992) (same). Plaintiff concedes that his Section 1983 claim against Love in his official capacity should be dismissed as redundant. Accordingly, the Court hereby dismisses Plaintiff's 42 U.S.C. § 1983 claim against Love to the extent that Love is being sued in his official capacity.

Love also contends that Plaintiff's 42 U.S.C. § 1983 claim against Love should be dismissed to the extent that Plaintiff has sued Love in his individual capacity. Love relies on the Sixth Circuit's opinion in *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003), wherein the Court of Appeals

upheld a district court's grant of summary judgment on individual liability claims against a supervisor in a 42 U.S.C. § 1983 action.  As Plaintiff correctly argues, however, the *Akers* case involved a Section 1983 claim based on alleged Title VII violations.  As Title VII claims cannot be brought against public officials in their individual capacities, *see Wathen, supra*, the Sixth Circuit granted summary judgment in *Akers*.

In this case, however, Plaintiff's Section 1983 claim is based on an alleged violation of the Equal Protection Clause of the Fourteenth Amendment, not on an alleged violation of Title VII.  The law is well-established that public officials and employees can be held liable individually under 42 U.S.C. § 1983. *See, e.g., Hafer*, 502 U.S. at 27 (governmental officials may be held personally liable for damages under Section 1983 based upon actions taken in their individual capacities); *Mitchell v. McNeil*, 487 F.3d 374, 376 (6th Cir. 2007) ("government officials sued in their individual capacities may be held liable under § 1983 when they violate constitutional rights that are 'clearly established'") (citation omitted).  The Court therefore finds that Plaintiff's Section 1983 claim against Love in his individual capacity presents a claim upon which relief can be granted.  Accordingly, the Court concludes that Plaintiff's Section 1983 claim against Love in his individual capacity is not subject to dismissal at this stage of the proceedings.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant Tony Love's "Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6)" is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 18, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290